IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

AH DIN,

                        Petitioner,         Civil Action No.
                                              9:17-CV-1147 (LEK/DEP)
    v.

ANTHONY J. ANNUCCI,

                        Respondent.

---

APPEARANCES:                              OF COUNSEL:

FOR PETITIONER:

**[last known address]**
AH DIN, *Pro se*
A212-023-180
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

FOR DEFENDANTS:

HON. LETITIA JAMES                Alyson J. Gill, Esq.
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

*Pro se* petitioner Ah Din, a former New York State prison inmate and former federal immigration detainee, has commenced this proceeding pursuant to 28 U.S.C. § 2254, seeking federal habeas intervention. In his petition Din, who was convicted in 2011, upon a jury trial, of two counts of attempted criminal sexual act in the first degree and one count of endangering the welfare of a child, argues that (1) the conviction was obtained by evidence obtained pursuant to an unlawful arrest in violation of the Fourth Amendment; and (2) the jury verdict was not supported by legally sufficient evidence because the victim gave inconsistent and false testimony and the DNA found on the victim did not match petitioner's DNA. *See generally* Dkt. No. 7.

According to officials stationed at the federal immigration detention center in Buffalo, New York, petitioner was deported from the United States in August 2018. Despite the passage of nearly six months, the petitioner has failed to update his address with the court. For reasons that are self-evident, this court's local rules require that "[a]ll attorneys of record and *pro se* litigants immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84-3310, 1985 U.S. App. LEXIS 31736, at *4 (5th Cir. Mar. 19, 1985)).[1]

Petitioner was reminded of his obligation to maintain an updated address with the court in a decision and order, dated January 31, 2018, issued by Senior District Judge Lawrence E. Kahn, in which he specifically cautioned petitioner that he was required to "promptly notify the Clerk's Office and all parties or their counsel of any change in his address" and that his "failure to do so will result may result in the dismissal of [the]

---

[1]   All unreported decisions cited to in this report have been appended for the convenience of the *pro se* plaintiff.

3

action[.]" Dkt. No. 8 at 5. Despite Judge Kahn's reminder, petitioner has not notified the court of his new address.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[2] Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of five specific factors, including (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the

---

[2] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.' " *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

4

plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988))*; see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999).

Based upon careful consideration of the foregoing factors, I conclude that dismissal of the petition at this juncture is warranted. The inability to communicate with petitioner is due solely to his failure to provide the court with his new address. Petitioner was warned that his failure to comply with the court's change of address requirement could result in dismissal of his complaint. Dkt. No. 8 at 5. At this point, nearly six months have elapsed since petitioner's deportation, and his failure to comply with the court's local rules will undoubtedly prejudice the respondent, and has an adverse effect upon the court's interest in managing its docket. In addition, an interest in receiving a fair opportunity to be heard regarding his claims does not seem to be paramount to petitioner, who has failed to update his

address with the court. In deciding the appropriate course of action, I have considered, but rejected as inadequate, less drastic sanctions, and I remain doubtful that any notice of such sanctions would even reach petitioner. For these reasons, I conclude that the relevant factors weigh in favor of dismissal of the petition.

Accordingly, it is hereby respectfully

RECOMMENDED that Din's amended petition (Dkt. No. 7) be DISMISSED for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure, and failure to comply with the court's local rules regarding notification of any *pro se* litigant's change of address.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.[3]  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

---

[3]  If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

*(signature)*
David E. Peebles
U.S. Magistrate Judge

Dated:    February 15, 2019
          Syracuse, New York